1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ROBINSON, | Case No.  21-cv-00972-RMI |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| R. BROOMFIELD, | |
| Defendant. | |

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* and he has consented to the jurisdiction of a magistrate judge.

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or from an employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or those which seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of the nature of the claim, and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While a complaint "does not need detailed

factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [instead, the] [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint, therefore, must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff states that he was infected with COVID-19 due to a transfer of other inmates to San Quentin State Prison ("SQSP") where he is incarcerated.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Deliberate indifference to serious medical needs violates the Eighth Amendment's

2    proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

3    *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX*

4    *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a

5    "deliberate indifference" claim involves an examination of two elements: the seriousness of the

6    prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

7    A serious medical need exists if the failure to treat a prisoner's condition could result in

8    further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of

9    an injury that a reasonable doctor or patient would find important and worthy of comment or

10   treatment, the presence of a medical condition that significantly affects an individual's daily

11   activities, or the existence of chronic and substantial pain are examples of indications that a

12   prisoner has a serious need for medical treatment. *Id.* at 1059-60.

13   A prison official is deliberately indifferent if he or she knows that a prisoner faces a

14   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

15   it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference

16   could be drawn that a substantial risk of serious harm exists," but "must also draw the inference."

17   *Id.* If a prison official should have been aware of the risk, but did not actually know, the official

18   has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of*

19   *Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient

20   and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin*

21   *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, a "mere delay of surgery, without

22   more, is insufficient to state a claim of deliberate medical indifference . . . [and] [a prisoner] would

23   have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v.*

24   *Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

25   In a § 1983 or a *Bivens* action – where employers and supervisors are not made to

26   automatically answer for the torts of their employees and subordinates – the term 'supervisory

27   liability' is a misnomer; and, each government official, his or her title notwithstanding, is only

28   liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677 (finding under *Twombly*, 550 U.S. at

544, and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

In his brief complaint, Plaintiff states that in May 2020, 120 inmates were transferred to SQSP from a different prison which led to an outbreak of COVID-19, in the course of which Plaintiff was also infected. He states that he is still suffering side-effects as a result. The named Defendants are the Secretary, the Undersecretary, the Appeals Coordinator, and the Health Care Services Undersecretary of the California Department of Corrections and Rehabilitation ("CDCR"), as well as the Warden and the Chief Medical Executive of SQSP. Plaintiff states that Defendants are liable for failing to protect him. Plaintiff provides no other information and fails to identify the actions or omissions of any specific defendants. Accordingly, the complaint must be dismissed with leave to amend to provide more information. In an amended complaint, Plaintiff must identify the actions or omissions of specific defendants while describing how those actions

4

or omissions violated his constitutional rights. He should present allegations regarding who was responsible for the transfer of the inmates, as well as explaining how the precautions taken by specific Defendants at SQSP were inadequate and led to his infection.

### CONCLUSION

1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order, and it must be entitled with the words, "AMENDED COMPLAINT," on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk entitled, "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

5